UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KENT SMITH,<br>    Petitioner, | Case No. 1:20-cv-994 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| WARDEN, LONDON CORRECTIONAL INSTITUTION,<br>    Respondent. | REPORT AND RECOMMENDATION |

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), as well as a motion to stay (Doc. 3). Respondent filed a response in opposition to the motion to stay, indicating that the motion was conclusory and lacked sufficient information to support a stay. (Doc. 7-1).[1] Petitioner has now filed a reply in support of his motion to stay, providing additional information. (Doc. 11). For the reasons below, the undersigned finds that the instant habeas corpus action is premature and recommends that the petition (Doc. 1) be dismissed without prejudice.[2] In light of this recommendation, the undersigned further recommends that the motion for stay (Doc. 3) be denied as moot.

Petitioner was convicted in the Hamilton County Court of Common Pleas, Case Nos. B-1507289A and B-1601998, of multiple charges relating to his role in a series of burglaries, robberies, and felonious assaults that occurred in December 2015.[3] He was sentenced to a total sentence of 101 years of imprisonment. Petitioner filed a direct appeal to the Ohio Court of Appeals raising several

---

[1]The Court continued the date for respondent to answer the petition until after a ruling on the motion for stay. (Doc. 8).

[2]Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll. § 2254.

[3]This procedural history is taken from the Ohio Court of Appeals opinion issued in petitioner's direct appeal, *State v. Smith*, No. C-180151, 2019 WL 6997740 (Ohio App. Dec. 20, 2019). (*See also* Doc. 1, at PageID 1).

grounds for relief. The Ohio Court of Appeals found, in relevant part, that:

> There was insufficient evidence to support Smith's convictions in count two of the case numbered B-1507289A ("B-15") and count nine of the case numbered B-1601998 ("B-16"), and so we sustain Smith's first assignment of error in part, and overrule it in part. We sustain Smith's sixth and seventh assignments of error and remand the cause to the trial court for a new sentencing hearing. We overrule the remainder of Smith's assignments of error and affirm the judgment of the trial court in all other respects.

*Smith*, 2019 WL 6997740, at *1. The Ohio Supreme Court denied further review. *State v. Smith*, 141 N.E.3d 251 (Ohio 2020) (table).

In December 2020, petitioner filed the instant habeas corpus petition raising the following six grounds for relief:

> **Ground One:** Convictions were obtained on insufficient evidence and in violation of the Due Process Clause of the 14th Amendment of the U.S. Const.
>
> **Ground Two:** Denied Due Process under the 14[th] Amend. of the U.S. Const. when trial court failed to give an instruction concerning the testimony of a codefendant.
>
> **Ground Three:** Denied a fair trial and Due Process of the 6th and 14th Amend. of the U.S. Const when the State solicited false testimony and fail to correct false testimony.
>
> **Ground Four:** Deprived right of Effective Assistance of Counsel in violation of the 6th Amend. of the U.S. Const.
>
> **Ground Five:** Counsel denied defendants [sic] right to compulsory process of the 6th Amend. of the U.S. Const and Due Process and right to a fair trial of the 14th Amend of the U.S. Const.
>
> **Ground Six:** Due Process was violated, right to fair trial was violated, defendant received ineffective assistance of counsel, prosecutorial misconduct, trial before bias judge.

(Doc. 1).

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted petitioner's state-court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's

2

rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

As set forth above, petitioner's criminal case has been remanded for resentencing. However, a review of the Hamilton County Clerk of Court online docket records indicates that petitioner has not yet been resentenced by the trial court.[4] Furthermore, in petitioner's filings in this Court he indicates that he currently has two other matters relating to his convictions pending in the Ohio Court of Appeals. (*See* Doc. 11, at PageID 39-40 (referencing Ohio Court of Appeals Case Nos. C-1900714 and C-2100235)).

Based on the record before the Court, it does not appear that petitioner's convictions and sentence have been finalized in state court. *See Rashad v. Lafler*, 675 F.3d 564, 568 (6th Cir. 2012) (explaining that "[f]inal judgment in a criminal case means sentence. The sentence is the

---

[4]Viewed at www.courtclerk.org. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

judgment.") (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (per curiam) (alteration in original)). Petitioner's petition is thus subject to dismissal as premature. *See, e.g., Douglas v. Hart*, No. 3:18-cv-P621-CRS, 2018 WL 6268208, at *2-3 (W.D. Ky. Nov. 30, 2018) (dismissing § 2254 action as premature where the petitioner's criminal case had been remanded for resentencing and the petitioner filed the habeas action prior to resentencing) (citing, *inter alia*, *Quigley v. Mackie*, No. 17-cv-11203, 2017 WL 2472891, at *2 (E.D. Mich. June 8, 2017)). *See also Rashad*, 675 F.3d at 568 ("the judgment becomes final after direct review of the new sentence").

Accordingly, in sum, petitioner's habeas corpus petition (Doc. 1) should be dismissed without prejudice as premature. In light of the above recommendation, petitioner's motion to stay the matter (Doc. 3) should be denied as moot.[5]

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's pro se petition for a writ of habeas corpus (Doc. 1) be **DISMISSED without prejudice** as premature.

2. Petitioner's motion to stay the matter (Doc. 3) be **DENIED as moot.**

3. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

---

[5] Petitioner seeks a stay in this matter to allow him to exhaust his pending matters in the Ohio state courts. (*See* Doc. 11). He contends that a stay is necessary to avoid any subsequent petition filed by petitioner raising the claims alleged herein from being subject to dismissal on statute of limitations grounds. (*See* Doc. 11, at PageID 39). The Court notes, however, that a stay is not necessary at this time to avoid the statute of limitations. The statute of limitations will not begin to run "until both his conviction *and* sentence [become] final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." *Burton*, 549 U.S. at 156-57 (internal quotation marks omitted).

    4.   The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/9/2021

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENT SMITH,  
    Petitioner,

vs.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:20-cv-994

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).